IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-122-DCK

| | |
|---|---|
| PATRICIA PROBY-GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **ORDER** |
| v. | ) |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No.13) and "Defendant's Motion For Summary Judgment" (Document No. 15). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and these motions are ripe for disposition. After careful consideration of the written arguments, the administrative record, applicable authority, and oral arguments, the undersigned will direct that Plaintiff's "Motion For Summary Judgment" (Document No.13) be <u>denied</u>; that "Defendant's Motion For Summary Judgment" (Document No. 15) be <u>granted</u>; and that the Commissioner's decision be <u>affirmed</u>.

## I. BACKGROUND

Plaintiff Patricia Proby-Green ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). On or about November 21, 2012, Plaintiff filed application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, alleging an inability to work due to a disabling condition beginning October 30, 2012. (Transcript of the Record of Proceedings ("Tr.") 13, 143-146). The Commissioner of Social Security (the

"Commissioner" or "Defendant") denied Plaintiff's application initially on or about March 21, 2013, and again after reconsideration on August 15, 2013. (Tr. 13, 77, 86). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. Based on the description of the job performed as a customer service associate, we have concluded that you have the functional capacity to meet the functional demands of this type of work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 86).

Plaintiff filed a timely written request for a hearing on or about August 29, 2013. (Tr. 13, 90). On April 14, 2015, Plaintiff appeared and testified at a hearing before Administrative Law Judge Valorie Stefanelli (the "ALJ"). (Tr. 13, 27-54). In addition, Celena Earle, a vocational expert ("VE"), and Charles A. Everage, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on September 17, 2015, denying Plaintiff's claim. (Tr. 10-22). On January 28, 2016, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on January 12, 2017. (Tr. 1-3, 9). The ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on March 13, 2017. (Document No. 1). On July 5, 2017, the parties consented to Magistrate Judge jurisdiction in this matter. (Document No. 6)

Plaintiff's "Motion For Summary Judgment" (Document No. 13) and "Plaintiff's Memorandum In Support Of Motion For Summary Judgment" (Document No. 14) were filed October 16, 2017; and "Defendant's Motion For Summary Judgment" (Document No. 15) and

2

"Memorandum In Support Of Defendant's Motion For Summary Judgment" (Document No. 16) were filed December 8, 2017.  "Plaintiff's Response To Defendant's Motion For Summary Judgment" (Document No. 17) was filed December 22, 2017.

On February 7, 2018, the undersigned scheduled this matter for a hearing to be held on March 28, 2018, and directed the parties to make a good faith attempt to resolve or narrow the issues.  (Document No. 18).  The parties filed a "Joint Notice" informing the Court that they were unable to reach an agreement to resolve or narrow the issues in this matter.  See (Document Nos. 19 and 20)

The undersigned held a hearing in this matter on March 28, 2018, allowing the parties one more opportunity to present their arguments.  Based on the foregoing, the pending motions are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to:  (1) whether substantial evidence supports the Commissioner's decision;  and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971);  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence.  Hays, 907 F.2d at 1456 (4th Cir. 1990);  see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986);  Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established.  It means such relevant evidence as

3

a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between October 30, 2012, and the date of her decision.[1] (Tr. 13). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

  (1)  whether claimant is engaged in substantial gainful activity - if yes, not disabled;

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fourth step that Plaintiff was not disabled. (Tr. 21).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since October 30, 2012, her alleged disability onset date. (Tr. 15). At the second step, the ALJ found that diabetes mellitus with peripheral neuropathy, right knee degenerative joint disease, and obesity were severe impairments.[2] (Tr. 15). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 16).

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

5

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform sedentary work activity, with the following limitations:

> a sit/stand option wherein she is able to stand up, stretch for a minute or two and sit back down without going off task more than 15% of the work day.

(Tr. 17). In making her finding, the ALJ stated that she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." Id.

At the fourth step, the ALJ held that Plaintiff could perform her past relevant work as a mortgage clerk. (Tr. 21). "This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity." Id. The ALJ noted that the VE testified that "the claimant's past work as a mortgage clerk was sedentary in exertion with a SVP of 5 as described in the DOT." Id. The VE also stated that Plaintiff would be able to perform this job if she had a sit/stand option wherein she is able to stand up, stretch for a minute or two and sit back down as set forth in the above residual functional capacity. Id. Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between October 30, 2012, and the date of her decision, September 17, 2015. (Tr. 21-22).

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ failed to properly weigh a treating physician's opinion; and (2) the ALJ did not provide sufficient reasons for the credibility determination. (Document No. 14, pp.4-5). The undersigned will discuss each of these contentions in turn.

**A.     Opinion Evidence**

In the first assignment of error, Plaintiff argues that the ALJ did not accept all or part of a treating physician's opinions in making her decision, and she did not adequately explain her basis for doing so. (Document No. 14, p.5). Plaintiff notes that under the treating physician rule, controlling weight is to be accorded to "a treating source's medical opinion on the issue(s) of the nature and severity of your impairment(s)" if that opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record." Id. (citing 20 C.F.R. §404.1527(c)(2)). When a treating source's medical opinion regarding a claimant is not given controlling weight, according to Plaintiff, five factors are utilized to determine what lesser weight should be assigned: length and frequency of relationship; nature and extent of relationship; supportability in the form of the quality of the explanation; consistency between the opinion and the record as a whole; and specialization of the opinion source. (Document No. 14, pp.5-6).

The treating physician whose opinions are at issue here are those of Dr. Timothy Hodges. Plaintiff argues that the ALJ "rejects and gives little weight to the opinions of Proby-Green's treating physician Dr. Hodges." (Document No. 14, p.7) (citing Tr. 20, 495-498). Plaintiff further asserts that "the ALJ does not identify any substantial evidence of record as a basis for rejecting Dr. Hodges' opinions." Id. Plaintiff states that the ALJ "fails to mention the fact that a treating physician's opinion is normally entitled to controlling weight, and made no specific findings or analysis as to whether the opinions of Dr. Hodges were 'well-supported by medically acceptable clinical and laboratory diagnostic techniques,' and not 'inconsistent with other substantial evidence.'" (Document No. 14, p.7) (quoting 20 C.F.R. § 404.1527(c)(2)). Plaintiff also alleges that the ALJ did not evaluate or address any of the five factors set forth in the regulations. (Document No. 14, pp.7-8) The ALJ's citation to state medical opinions, according to Plaintiff,

also does not suffice as grounds for greatly discounting the opinion of the treating physician. (Document No. 14, p.10).

Defendant responds that "substantial evidence supports the ALJ's finding that Dr. Hodges' opinion is entitled to little weight."  (Document No.16, p.5) (citing Tr. 20).  Defendant notes the ALJ explained that Dr. Hodges' opinions are not supported by either Dr. Hodges' own treatment notes or other objective evidence in the record.  Id.  Defendant discusses, among other things, discrepancies regarding Plaintiff's use of medications for neuropathy;  a 2014 electromyogram and nerve-conduction study that do not support neuropathy abnormality; and Dr. Hodges' treatment notes from as recently as April 2015 that show normal neurological examinations, normal musculoskeletal examinations, and no positive findings for edema or swelling.  (Document No. 16, pp.5-7) (citing Tr. 20, 229, 379, 480-493, 499-500).  Defendant also notes that despite Plaintiff's knee injury, the ALJ cited records showing that Plaintiff did not take prescription medications for knee pain, that examinations after November 2013 did not mention knee pain, and that musculoskeletal examinations were normal.  (Document No. 16, pp.7-8).

Further, Defendant discusses Plaintiff's activities of daily living and the ALJ's finding that these are inconsistent with the limitations described by Dr. Hodges:

> In particular, the ALJ noted that, per Plaintiff's February 2013 function report, she could prepare simple meals, use public transportation, attend to her personal needs slowly but independently, attend church weekly, read, write, pay bills, clean, and do laundry (*see* Tr. 19, 197–204). Additionally, the ALJ noted that, at the hearing, Plaintiff testified that she had been living with an 81-year-old disabled woman since September 2014;  that she had lived with a disabled couple for the two years prior; that she helped these individuals with their medications, cooking, and similar things; that she drove; and that she volunteered as a receptionist at church, answering phones and doing administrative work, two or three days per week (*see* Tr. 19, 37–38, 40).  These activities are generally inconsistent with several of Dr. Hodges' opinions.  Most notably, for example, it is difficult to imagine that Plaintiff would have been able

8

> to work as a receptionist two or three days per week if she were able to sit for only two hours total in an eight-hour day.

(Document No. 16, p.9) (citing Tr. 19, 37-38, 197-204).

Finally, Defendant discusses the ALJ's decision to place greater weight on the opinion of a state agency medical source, Dr. Jumenez-Medina, than on the opinion of Dr. Hodges. (Document No. 16, p.11). Defendant cites Pettaway v. Berryhill, where the court stated:

> With respect to state agency physicians, the Regulations recognize that these individuals are "highly qualified . . . experts in Social Security disability evaluation[.]" 20 C.F.R. § 416.927(e)(2)(i). It is within the discretion of the ALJ to give greater weight to a non-treating state agency physician, particularly when the opinion of the non-treating physician is supported by substantial evidence or there is persuasive evidence contrary to the opinion of a treating physician. *Williams v. Astrue*, No. 3:11-CV-764-HEH, 2012 WL 5361032, at *13 (E.D. Va. Oct. 16, 2012) *adopted by*, No. 3:11CV764-HEH, 2012 WL 5361014 (E.D. Va. Oct. 31, 2012) (finding that the ALJ did not err in giving greater weight to opinions of non-treating physicians when substantial evidence in the record supported the opinions); *Hunter v. Sullivan,* 993 F.2d 31, 35 (4th Cir. 1992) (per curiam) (finding that "the ALJ was within his discretion in giving [non-treating physician's] testimony greater weight"), *superseded in nonrelevant part by* 20 C.F.R. § 404.1517(d)(2).

(Document No.16, p.11) (quoting Pettaway, 2017 WL 2438797, at *5 (E.D.N.C. June 6, 2017)).

The undersigned finds that Defendant has the better of the argument on this issue. As Defendant explains in her brief, the ALJ made the choice to assign less than controlling weight to the opinion of the treating physician in this case, Dr. Hodges. Under the regulations, it was incumbent upon the ALJ to explain her basis for doing that. The Court concludes that she met that legal obligation here, and that her decision was supported by substantial evidence; therefore, the Court finds no basis for remand on this issue. See (Tr. 20).

**B.    Plaintiff's Credibility**

9

In her second assignment of error, Plaintiff asserts that the ALJ found Plaintiff's testimony not entirely credible, but failed to give legally sufficient reasons supported by substantial evidence for that finding. (Document No. 14, pp.11-15). Here, argues Plaintiff, the ALJ was required to specify which testimony she found not credible, and then to provide legally sufficient reasons for that determination. (Document No. 14, pp.12-14). Plaintiff argues that the ALJ's use of boilerplate language, or the simple statement that Plaintiff's testimony and subjective statements were not consistent with the medical evidence, are not satisfactory. Id. Plaintiff asserts the ALJ must "build an accurate and logical bridge from the evidence to his conclusion." (Document No. 14, p.15) (quoting Monroe v. Colvin, 826 F.3d 176 (4th Cir. 2016)). Put simply, Plaintiff claims the ALJ did not explain her credibility finding clearly enough.

Defendant responds that there is more than substantial evidence to support the ALJ's decision that Plaintiff was not entirely credible. (Document No. 16, pp.14-16). Defendant explains its use of what Plaintiff refers to as "boilerplate" language, asserting that it is not in fact boilerplate at all. Id. Defendant incorporates her summary of the evidence from the first issue, including the medical records and the activities of daily living, in support of the ALJ's credibility determination. Id. Defendant also discusses Plaintiff's non-compliance with her medication regimens and the impact of that on the ALJ's credibility judgment. (Document No. 16, pp.15-16). Many of Plaintiff's complaints, argues Defendant, including elevated blood sugar, blurred vision, fatigue, and neuropathy symptoms, were caused by her repeated non-compliance with her diabetic medical regimen. Id.

Defendant also notes the contradictions inherent in Plaintiff's representations about her ability to work. (Document No. 16, p.16). Defendant argues:

> In particular, the ALJ noted — and Plaintiff does not address (*see* Pl. Br. 11–17) — that Plaintiff collected unemployment benefits through

10

> March 2013, meaning that she held herself out as ready, willing, and able to work through that month (*see* Tr. 19, 33–34); *Williamson v. Colvin*, No. 5:15-cv-00070-GCM, 2016 WL 4992101, at *7 (W.D.N.C. Sept. 16, 2016) (finding that "the ALJ appropriately considered Plaintiff's receipt of unemployment benefits in assessing her credibility"), *aff'd sub nom. Williamson v. Berryhill*, 692 F. App'x 738 (4th Cir. 2017); *Clark v. Astrue*, No. 3:12-cv-00122-MOC, 2012 WL 6728441, at *3 (W.D.N.C. Dec. 28, 2012) ("While receiving unemployment benefits may not always preclude a finding of disability, it is among the many factors that may well support a determination that a claimant is not credible, inasmuch as representing to a state employment agency that one is able to work is usually inconsistent with a claim of disability."); *Schmidt v. Barnhart*, 395 F.3d 737, 746 (7th Cir. 2005) (explaining that the "decision to apply for unemployment benefits and represent to state authorities and prospective employers that [s]he is able and willing to work" is a factor in assessing a claimant's subjective complaints of disability).

Id. There is of course also the information set forth above about Plaintiff's volunteer work at the church and her caretaking of senior church members with whom she lived.

The undersigned finds Defendant's position persuasive here. There was clearly substantial evidence to support the ALJ's determination that Plaintiff was not entirely credible. Plaintiff's testimony and subjective complaints regarding pain and limitations are not consistent with some of her medical records. Plaintiff has been non-compliant with her medication regimen from time to time, especially as it pertains to her diabetes treatment. Her receipt of unemployment benefits for a period of time, as well as her volunteer work at the church and her caretaking duties with her co-residents, cast doubt on her representations about her ability to work. The Court finds no basis for remand on this issue.

## IV. CONCLUSION

The Court sincerely appreciates the hearing preparation and oral advocacy of counsel for both parties. The arguments on March 28, 2018, helped narrow the issues and assisted the undersigned's determination. After reviewing the parties' papers and considering the oral

arguments at the motions hearing, the undersigned is persuaded that the ALJ's decision is supported by substantial evidence and applied the correct legal standards.

In short, the undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will direct that the Commissioner's decision be affirmed.

**IT IS, THEREFORE, ORDERED** that: Plaintiff's "Motion For Summary Judgment" (Document No.13) is **DENIED**; the "Defendant's Motion For Summary Judgment" (Document No. 15) is **GRANTED**; and the Commissioner's determination is **AFFIRMED**.

**SO ORDERED**.

Signed: March 30, 2018

David C. Keesler
United States Magistrate Judge